OPINION
{¶ 1} Defendant-appellant Ricky Dubose appeals the November 14, 2001 Judgment Entry of the Stark County Court of Common Pleas, adjudicating him a "sexual predator" pursuant to R.C. 2950.09. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1977, a Stark County Grand Jury indicted appellant on one count of rape, one count of kidnapping, one count of aggravated robbery and one count of aggravated menacing.
 {¶ 3} On April 13, 1978, a jury found appellant guilty of each of the counts in the indictment.
 {¶ 4} The crimes for which Appellant was convicted involved the rape and robbery of Barbara Shonk at a laundromat on a Saturday afternoon. Appellant grabbed Shonk from behind, put a knife to her throat and forced her into the bathroom. Appellant threatened to kill her if she resisted or called out for help. Once inside the bathroom, Appellant raped the victim two different times. He also robbed her. Appellant ordered the victim to walk out through the laundromat by his side, again threatening to kill her if she did not comply. Appellant held a knife behind the victims back as they proceeded through the laundromat. Once outside, Appellant attempted to force the victim inside his vehicle but she was able to break free and run back into the laundromat for help.
 {¶ 5} The victim immediately identified Appellant from a photo array. Detective Wayne Arnold had included Appellant's picture in the array based on the similarity of the rape to one three years prior committed by Appellant as a juvenile.
 {¶ 6} Detective Arnold then drove the victim to Appellant's neighborhood where she also immediately identified the Appellant's vehicle.
 {¶ 7} The trial court sentenced appellant to an indeterminate term of incarceration of six to twenty-five years.
 {¶ 8} Pursuant to H.B. 180, the trial court scheduled a sexual predator classification hearing.
 {¶ 9} On October 24, 2001, Appellant filed the following motions:
 {¶ 10} 1. Motion to Dismiss on Ex Post Facto and Retroactivity Grounds; and
 {¶ 11} 2. Motion to Dismiss on Double Jeopardy Grounds; and
 {¶ 12} 3. Motion to Have H.B. 180 Declared Unconstitutionally Vague
 {¶ 13} On November 1, 2001, Appellant filed a Motion for Expert Witness Fees requesting a current psychiatric evaluation.
 {¶ 14} On November 9, 2001, the trial court conducted a hearing to determine appellant's status as a sexually oriented offender. The State presented the testimony of the investigating officer, and requested the trial court take judicial notice of the court's file.
 {¶ 15} The trial court orally denied each of appellant's constitutional challenges to H.B. 180.
 {¶ 16} By Entry dated November 14, 2001, the trial court adjudicated appellant a sexual predator.
 {¶ 17} On November 27, 2001, the trial court, by entry, overruled each of Appellant's three constitutional challenges to H.B. 180.
 {¶ 18} It is from these entries appellant appeals, raising the following assignments of error:
ASSIGNMENTS OF ERROR
I.
 {¶ 19} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS. (APPENDIX AT A-2)"
II.
 {¶ 20} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS. (APPENDIX AT A-2)."
III.
 {¶ 21} "THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE. (APPENDIX AT A-2)."
IV.
 {¶ 22} "THE TRIAL COURT ERRED WHEN IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDINGS. (APPENDIX AT A-1, TR. AT 3-29)."
V.
 {¶ 23} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR EXPERT WITNESS FEES. (APPENDIX AT A-2; TR. AT 5)."
 I. {¶ 24} Appellant argues that the sexual predator classification proceedings should have been dismissed on ex post facto grounds. This assignment of error is overruled on the authority of State v. Cook
(1998), 83 Ohio St.3d 404, cert. denied (1999), 525 U.S. 1182 at paragraph two of the syllabus.
 {¶ 25} The first assignment of error is overruled.
 II. {¶ 26} Appellant argues that the retroactive application of the classification and registration provisions violates the federal and state prohibitions against double jeopardy. This assignment of error is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 527-28, cert. denied sub non., Suffecool v. Ohio (2000), 531 U.S. 902.
 {¶ 27} The second assignment of error is overruled.
 III. {¶ 28} Appellant argues that the court erred in overruling his motion to dismiss on the basis that House Bill 180, amending R. C. Chapter 2950, is unconstitutionally vague. This assignment of error is overruled on the basis of Williams, supra, at 533.
 {¶ 29} The third assignment of error is overruled.
 IV. {¶ 30} Herein, appellant contends the trial court erred in finding him to be a sexual predator by clear and convincing evidence. Specifically, appellant asserts the trial court lacked evidence that he is likely to reoffend. We disagree.
 {¶ 31} Revised Code § 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. §2950.09(B)(2), which sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator", provides:
 {¶ 32} "In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 33} "(a) The offender's age;
 {¶ 34} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 35} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 36} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 37} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 38} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 39} "(g) Any mental illness or mental disability of the offender;
 {¶ 40} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 41} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 42} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 43} In the instant action, Appellant was convicted of raping a woman at knife point in a restroom at a laundromat. Three years earlier, as a juvenile, Appellant was convicted a similar rape where he held his victim at knife point and raped her at a laundromat. While incarcerated, Appellant has not sought or undergone any treatment.
 {¶ 44} The trial court made the following statement prior to issuing its ruling:
 {¶ 45} "The court finds that there were similarities, eerie similarities between the two different convictions for rape, and those similarities were stated by counsel for the State of Oho during her argument to this Court. And that in both instances, the Defendant went to a laundromat, saw and found a woman alone and then eventually ended up taking her at gunpoint into the rest room and raping her. That happened in each of those cases." (T. at 20-21.)
 {¶ 46} The trial court also stated that Appellant exhibited cruelty in committing his crimes. (T. at 21-22.)
 {¶ 47} The trial went on to state:
 {¶ 48} "The court finds that in the psychological report evaluation, the Court found it significant that there was a finding that the Defendant suffers from alcohol abuse with sexual sadism, has a personality disorder related to alcohol abuse, which the Court finds is in remission simply because the Defendant has been incarcerated."
 {¶ 49} In State v. Thompson (2001), 92 Ohio St.3d 584, the Ohio Supreme Court stated:
 {¶ 50} "We find that the factors listed in R.C. 2950.09(B)(2) are guidelines that serve an important function by providing a framework to assist judges in determining whether a defendant, who committed a sexually oriented offense, is a sexual predator. These guidelines provide consistency in the reasoning process. Without such guidelines, judges would be left in uncharted waters and decisions on whether a defendant was a sexual predator could vary widely depending on a judge's own viewpoint on the issue. However, these guidelines do not control a judge's discretion. R.C. 2950.09(B)(2) requires a court to "consider all relevant factors including, but not limited to, all of the following [factors]." This language requires the court to "consider" the factors listed in R.C. 2950.09(B)(2), but does not direct the court on what weight, if any, it must assign to each factor. Such an interpretation makes sense because determining recidivism is at best an imperfect science and while the guidelines set forth potentially relevant factors, some may not be applicable in every case. Thus, R.C. 2950.09(B)(2) does not divest a court of its fact-finding powers in assessing the relevancy of each factor."
 {¶ 51} Base on the above, we find that the court's determination that Appellant be classified as a sexual predator was supported by clear and convincing evidence.
 {¶ 52} Appellant's fourth assignment of error is overruled.
 V. {¶ 53} Appellant argues that the court abused its discretion in overruling his motion for appointment of an expert witness to provide a psychological evaluation of his likelihood to re-offend. We disagree.
 {¶ 54} In State v. Eppinger (2001), 91 Ohio St.3d 158, the Ohio Supreme Court held that indigent offenders may be entitled to appointment of an expert witness to assist them in their defense at a classification hearing. An expert witness shall be provided to an indigent offender if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. § 2950.01 (E). Id. at syllabus. In Eppinger, the Supreme Court ruled that the trial court abused its discretion in denying the offender's motion for appointment of an expert, as there was scant evidence in the record relating to the offender's likelihood to re-offend. Id. at 159. In Eppinger, there was no history of similar offenses or other incidents. Id. at 163. The court concluded that an expert was necessary in that case because the offender had been convicted of only one sexually oriented offense, and there was an absence of a history of similar offenses or other indicators. Id.
 {¶ 55} In the instant case, other indicators of a likelihood to re-offend were clearly present, and presented as evidence at the classification hearing. The evidence reflected that Appellant committed two very similar crimes within three years. Furthermore, Appellant has not sought any treatment.
 {¶ 56} Concerning Appellant's lack of treatment and his request for appointment of an expert to perform a psychological exam, the Court stated:
 {¶ 57} "This somewhat ties into the request for an expert witness fees for an evaluation. The finding in this psychological report in 1995, actually 1996, October 28, 1996, is when the Defendant was interviewed and has not undergone any treatment whatsoever and the Court finds that without any treatment whatsoever it doesn't seem commonsensible as if there can be any change." (T. at 22-23).
 {¶ 58} Based on the evidence of appellant's past conduct, the court had evidence which allowed the court to assess his likelihood to re-offend. The court did not abuse its discretion in overruling his motion for appointment of an expert witness.
 {¶ 59} The fifth assignment of error is overruled.
 {¶ 60} The judgment of the Stark County Court of Common Pleas is affirmed.
By: Boggins, J., Hoffman, P.J. and Wise, J. concur.
Topic: House Bill 180, Ex Post Facto, Dbl jeopardy etc.